IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-676-BO

| | |
|---|---|
| ANGELA SPELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18 & 20]. A hearing on this matter was held in Raleigh, North Carolina on September 19, 2014 at 2:30 p.m. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On February 18, 2010, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, 1381–83f, and an application for supplemental security income under Title XVI of the Act. Plaintiff alleges disability beginning June 1, 2009. Plaintiff's applications were denied initially and upon reconsideration. On February 23, 2012, plaintiff appeared and testified before an administrative law judge ("ALJ"). [Tr. 77–100.] She again appeared and testified at a supplemental hearing on March 13, 2012. [Tr. 35–74]. On June 6, 2012, the ALJ denied plaintiff's application. [Tr. 14–28]. The Appeals Council denied plaintiff's request for review

rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. § 405(g).

Plaintiff was 25 years old at the time of her alleged onset of disability. [Tr. 26]. She stopped going to school after the ninth grade and worked as a sandwich counter attendant and waitress. [Tr. 68]. Plaintiff suffers from post-traumatic stress disorder, anxiety panic disorder, bipolar disorder, major depressive disorder, attention deficit hyperactivity disorder, carpal tunnel syndrome, chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine, irritable bowel syndrome, and obesity. [Tr. 375–672].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the

claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found that plaintiff had an RFC for a limited range of light work and could not perform her past relevant work, but that plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. [Tr. 11–34]. Plaintiff alleges that the ALJ's decision is not supported by substantial evidence on the record as a whole. The Court agrees.

The ALJ's determination that plaintiff had the RFC to perform a limited range of light work was in error and reflected the ALJ's failure to acknowledge restrictions from a treating psychiatrist, GAF scores of 50 or below, psychological evaluations, and psychiatric evaluations that all contradict the ALJ's findings. If an ALJ fails to explain the weight assigned to relevant evidence that is contrary to the ALJ's decision, that is reversible error. *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987).

Dr. Dudley listed a wide range of daily living activities and social functioning that plaintiff's condition seriously limited. Of particular importance are Dr. Dudley's findings of

3

extreme limitation in the following areas: ability to understand/remember/carryout detailed instructions, maintain attention and concentration over long periods of time, perform activities within a regular schedule, sustain an ordinary schedule without special supervision, the ability to work in close coordination with others, the ability to accept instruction and respond appropriately to criticism, and the ability to maintain socially appropriate behavior. [Tr. 640–42]. These limitations are inconsistent with the ALJ's findings and are also inconsistent with the ability to engage in gainful activity. The ALJ gave Dr. Dudley's opinion because he said it was not supported by objective evidence. [Tr. 26]. This is simply incorrect. Dr. Dudley's opinion is supported by objective evidence, clinical evidence, and the opinion of claimant's counselor and GAF scores of 49 and below. The ALJ also failed to consider another opinion of Dr. Dudley in which he asserts that plaintiff cannot work because she experiences attacks with shortness of breath and increased heart rate and fear of groups of people in addition to experiencing hyperarousal, hypervigilance, and extreme irritation. [Tr. 671]. To not discuss this opinion was error. The medical opinion of Dr. Dudley is entitled to controlling weight as he is a specialist in psychiatry and his opinion is supported by psychiatric testing, psychological testing, clinical notes, and other evidence in the record. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. 404.152).

The ALJ also failed to address the GAF scores of 50 or below in his RFC assessment. The record contains numerous GAF scores of 50 or below. [Tr. 390, 665–668, 674–703, 707]. This is error. SSR 96-7p.

In correctly assessing the evidence in the record, the Court finds that plaintiff has profound mental health problems and has a history of suicide attempts. Further, plaintiff is heavily medicated. The evidence is clear that she has non-exertional limitations that preclude her

4

from engaging in any type of work and any hypothetical based on the actual evidence in this case would result in there being no work plaintiff could perform. Accordingly, the Court reverses the decision of the Commissioner and remands the matter to the Agency for an award of benefits consistent with this order.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 236 (E.D.N.C. 1987). Because the evidence here is so clear and uncontroverted, there is no need to reopen the record for more evidence and an award of benefits is proper. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987) (reversal without remand is appropriate where the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This **27** day of September, 2014.

                                                      TERRENCE W. BOYLE
                                                      UNITED STATES DISTRICT JUDGE